# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

FILED: FEBRUARY 26, 2016

No. 14-7071

DICK ANTHONY HELLER, ET AL.,
APPELLANTS

v.

DISTRICT OF COLUMBIA, ET AL.,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-01289)

---

On Petition for Rehearing En Banc

---

Before: GARLAND, *Chief Judge*; HENDERSON, ROGERS,
TATEL, BROWN, GRIFFITH, KAVANAUGH, SRINIVASAN,
MILLETT,* PILLARD, and WILKINS, *Circuit Judges*

## <u>O R D E R</u>

Appellees' petition for rehearing en banc and the response thereto were circulated to the full court, and a vote was requested. Thereafter, a majority of the judges eligible to participate did not vote in favor of the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

### <u>Per Curiam</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Ken Meadows
Deputy Clerk

\* A statement by Circuit Judge Millett, concurring in the denial of rehearing en banc, is attached.

MILLETT, CIRCUIT JUDGE, concurring in the denial of rehearing *en banc*. In response to the District of Columbia's petition for rehearing *en banc*, it bears emphasizing the procedural posture of this case and the shortcomings in the record. The District, as a summary-judgment movant, elected both to face summary judgment, and to fend off Heller's own cross-motion for summary judgment, on a record of the District's own choosing. Given our prior remand order, moreover, the District had a full opportunity to develop a record and come forward with summary-judgment-qualifying evidence to substantiate the difficult policy judgments that it presses on rehearing, and to do so to the degree necessary to survive the intermediate scrutiny that our precedent requires, *see Heller v. District of Columbia*, 670 F.3d 1244, 1252–1253 (D.C. Cir. 2011). As the majority opinion explains, with respect to those provisions that this court could not sustain, and especially with respect to the District's testing of knowledge about local firearms laws, the District failed that task. Slip op. 10–11, 25–26 & n.4. In my view, given those omissions in the District's summary judgment record, this case simply does not present the broadside on regulatory authority to promote public safety that the *en banc* petition asserts.